IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AVIANCE INTERNATIONAL, INC., <br><br> Plaintiff <br><br> VS. <br><br> SAL DIAZ-VERSON, <br><br> Defendants <br><br> SALJET LLC, <br><br> Intervenor | **NO. 5: 06-CV-235 (CWH)** <br><br><br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER OF DISMISSAL

The above-captioned proceeding has been pending in this court for **OVER THREE AND ONE-HALF YEARS**. The last pleading filed by a party was filed in October of **2006**. The time permitted for conducting discovery has long-since passed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit. If he fails to do so, the court may dismiss his case on that basis.. In *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962), the Supreme Court recognized the inherent power and authority in the court to dismiss cases in which the plaintiff has failed to fulfill his duty to diligently prosecute his action, stating:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of a failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.[1]

---

[1] This authority has also been expressly recognized in this circuit for many years. **See Ramsay v. Bailey**, 531 F.2d 706, 707 (5th Cir.1976). **See also Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir.1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Under the circumstances of this case, it appears that the parties are no longer interested in litigating this matter in this court. Accordingly, IT IS ORDERED AND DIRECTED that the within proceeding be DISMISSED with prejudice.

SO ORDERED, this 12th day of March, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE